**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**   **TELEPHONE (605) 945-4490**
BANKRUPTCY JUDGE   FAX (605) 945-4491

February 21, 2007


James A. Craig, Esq.
Counsel for Debtor
714 West 41st Street
Sioux Falls, South Dakota  57105-6406

Trustee Lee Ann Pierce
Post Office Box 524
Brookings, South Dakota  57006

    Subject:  *In re Richard J. and Carolyn J. Cink*,
                    Chapter 7, Bankr. No. 06-40019

Dear Counsel and Trustee:

    The matters before the Court are Trustee Lee Ann Pierce's Motion for Turnover and Debtors Richard J. and Carolyn J. Cink's Motion to Voluntarily Dismiss Case.  These are core proceedings under 28 U.S.C. § 157(b)(2)(B).  This letter decision and accompanying orders shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Trustee Pierce's turnover motion will be granted, and Debtors' dismissal motion will be denied.

    *Summary*.  Richard J. and Carolyn J. Cink filed a Chapter 7 petition in bankruptcy on February 17, 2006.  On April 25, 2006, Trustee Lee Ann Pierce filed a motion seeking an order requiring Debtors to turn over information related to real property in which she shared an interest with her siblings and in which Debtor Carolyn Sink's mother retained a life estate.  This real property interest had not been scheduled by Debtors; Trustee Pierce stated in her motion that she learned about it at the meeting of creditors.  Several days later, Debtors responded by filing a motion to voluntarily dismiss their case, saying they would reach an accord outside bankruptcy with their creditors.  Debtors did not cite the Bankruptcy Code section on which they relied for the relief sought.  Debtors also filed a response to the trustee's turnover motion only stating the turnover motion would be moot if

In re Cink
February 21, 2007
Page 2

their just-filed dismissal motion were granted.  Trustee Pierce resisted Debtors' voluntary dismissal motion.  She stated Debtors had an interest in non-exempt farmland and thus dismissal of the case would not be in the best interest of unsecured creditors.

A hearing was held on both motions, and the Court received the arguments of counsel.  The material facts were not in dispute.  Debtors argued an accord had been reached with all creditors and thus the bankruptcy would serve no further purpose.  They stated they did not learn of Debtor Carolyn Cink's real property interest until after they filed bankruptcy.  They also stated they voluntarily disclosed the asset to Trustee Pierce at the meeting of creditors.[1]  Trustee Pierce argued it was unknown whether all creditors had been paid in full and thus creditors would be prejudiced if the case were dismissed.  The matters were taken under advisement.

Several weeks after the hearing, Debtor Richard Cink filed an affidavit stating he and his wife had resolved claims held by certain creditors and were continuing payments on claims secured by their home and vehicle.  Trustee Pierce filed a response stating the creditors alleged to have been paid may not have been paid in full, as they might be through continued administration of the bankruptcy case.  Debtors later filed a brief citing a case from another circuit that criticized two decisions cited by Trustee Pierce.  Debtors further argued creditors were free to compromise their claims if they so wished.

*Applicable law*.  A chapter 7 debtor may move to dismiss his case.  11 U.S.C. § 707(a).  There is no absolute right for the chapter 7 debtor to voluntarily dismiss his case.  *Maixner v. Surratt-States (In re Maixner)*, 288 B.R. 815, 817 (B.A.P. 8th Cir. 2003).  Cause must be established.  *Id*.

Whether to grant a chapter 7 voluntary dismissal is within the discretion of the Court.  *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 433-34 (B.A.P. 8th Cir. 2000).  The burden to show cause rests with the debtor.  *Id.* at 434.  Even if cause is shown, however, the motion should be denied if there is any showing of prejudice to creditors.  *Maixner*, 288 B.R. at 817; *Turpen,* 244 B.R. at 434-35 (cites therein).  Factors to be weighed include whether all

---

[1] Debtors have never amended their schedules to reflect this real property interest and set forth its value.

In re Cink
February 21, 2007
Page 3


creditors have consented, the good faith of the debtor, whether dismissal would result in any prejudicial delay in payment, whether dismissal would re-order priorities, whether there is another proceeding through which the payment of claims can be handled, and whether an objection to discharge, an objection to exemptions, or a preference action is pending.  *Turpen*, 244 B.R. at 434 (cites therein).  Equitable considerations are relevant only in the absence of dispositive legal arguments.  *Leach v. United States, Internal Revenue Service (In re Leach)*, 130 B.R. 855, 857 (B.A.P. 9th Cir. 1991).  Legal considerations take precedence.  *Id.* at 858.

Though a debtor may secure the willingness and ability to pay his creditors outside of bankruptcy, that circumstance does not constitute adequate cause for dismissal.  *In re Fulton*, 339 B.R. 698, 701 (Bankr. N.D. Iowa 2006)(citing *Turpen*, 244 B.R. at 434-35); *accord Sicherman v. Cohara (In re Cohara)*, 324 B.R. 24, 27-29 (B.A.P. 6th Cir. 2005); *In re Foster*, 316 B.R. 718, 721 (Bankr. W.D. Mo. 2004).

> Absent court oversight of payment [of creditors by the debtor], creditors are prejudiced.  They bear the risk of not being paid, a very unlikely risk in a chapter 7 case.  The method for insuring payment of creditors out of any non-exempt portion of the estate's assets is through administration under the trustee system. Court oversight of payment by [the debtor] might perhaps insure more certainty of payment to creditors than would outright dismissal, but it undermines the bankruptcy system. It requires the court to remain involved, and rely on persons outside the trustee system to comply with the rights and priorities of creditors' claims.

*Fulton*, 339 B.R. at 701 (court declined to adopt a quasi-bankruptcy system where the chapter 7 debtor would make direct payments to creditors under court supervision merely to save the debtor the administration costs attendant with the bankruptcy).

Any party in interest, including the debtor, may move for dismissal of a case - any chapter -  under 11 U.S.C. § 305(a)(1). This Code section provides a case may be dismissed at any time if "the interests of creditors and the debtor would be better served . . ."  *Id.*  Both creditors' and the debtor's interests must be better served by a dismissal.  *Fulton*, 339 B.R. at 701.  The power must be exercised with care because the Court is being asked to decline to exercise its authority and because a decision under

In re Cink
February 21, 2007
Page 4


§ 305(a) is reviewable on appeal only by the District Court, no higher.  11 U.S.C. § 305(c); s*ee In re NRG Energy, Inc.*, 294 B.R. 71, 79-80 (Bankr. D. Minn. 2003).

Whether a motion to dismiss under § 305(a)(1) should be granted has to be considered under the facts of each particular case.  *Pennino v. Evergreen Presbyterian Ministries (In re Pennino)*, 299 B.R. 536, 538-39 (B.A.P. 8th Cir. 2003). Factors to consider include:

> (1) whether the case is a two-party dispute; (2) the economy and efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) alternative means of achieving equitable distribution of assets, and (5) the purpose for which bankruptcy jurisdiction has been sought.

*Id*. at 539 (citing *In re Iowa Trust*, 135 B.R. 615, 621 (Bankr. N.D. Iowa 1992)).

*Discussion*.  Though Debtors may have made their best efforts to satisfy creditors, that effort, as noted in *Turpen* and *Fulto*n, does not constitute cause for dismissal.  Debtors had no authority to compromise the several claims against the estate and any such compromises are not binding.  Fed.R.Bankr.P. 9019(a).  Each creditor was and remains entitled to full payment of their allowed claims to the extent estate funds are available. Anything less is prejudicial to creditors.  The statutory duty to insure an appropriate distribution lies with Trustee Pierce.  11 U.S.C. § 704. Moreover, Debtors' desire to preserve family property does not constitute cause for dismissal.  *Maixner*, 288 B.R. at 818. That end may have to be accomplished through other means.[2] Accordingly, voluntary dismissal of this case under either § 707(b) or  § 305(a)(1) will be denied.

---

[2]   Debtors may want to convert their case to Chapter 13.  If the case stays under Chapter 7 and depending on the value of Debtor Carolyn Cink's interest in the farmland, family members may want to purchase that interest outright or offer a sum to Trustee Pierce sufficient to pay remaining claims and administrative expenses in full once proofs of claim have been filed.

In re Cink
February 21, 2007
Page 5


    Debtors offered no cognizable resistance to Trustee Pierce's turnover motion. It will be granted.

    Appropriate orders will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

---

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota